IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARQUIS GEDDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-02927-TWT |
| | ) | |
| HARRY MORRIS, DAILY | ) | |
| EXPRESS, INC., JOHN DOES 1-2, | ) | |
| ABC CORP., AND XYZ CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## BRIEF IN SUPPORT OF DEFENDANT DAILY EXPRESS, INC.'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES

**COMES NOW**, Daily Express, Inc., Defendant in the above-styled civil action (hereinafter "Defendant" or "Daily Express"), and pursuant to Fed. R. Civ. P. 37 presents its Brief in Support of Motion to Compel and for Attorneys' Fees, by showing this Honorable Court the following:

## I.    STATEMENT OF FACTS

The details surrounding the incident underlying this action are not essential to resolution of this Motion, but a brief overview of the known facts does provide

helpful context.

This action arises from a collision between two trucks. The truck operated by Plaintiff was being followed down the road by the Daily Express truck operated by Harry Morris. Prior to the collision, the roadway had a single lane. However, prior to the collision, a second lane of travel joined the roadway on the left hand side and then the road became a two lane road. After the road became a two lane road, the Daily Express truck signaled and changed from the right-hand lane of travel to the left-hand lane of travel. As the Daily Express truck drew up beside the Plaintiff's truck that remained in the original lane of travel, Plaintiff suddenly and abruptly pulled his truck into the left-hand lane and a relatively minor impact occurred.

At the scene, the responding officer interviewed Plaintiff and the Daily Express driver, Harry Morris. The responding officer also interviewed a man who claimed to be a third-party bystander witness who identified himself as "Lorenzo Langston." However, the responding officer was ultimately able to determine that "Lorenzo Langston" was not an uninvolved third-party. In fact, Lorenzo Langston was in fact Langston Geddis, Plaintiff's father. The responding officer noted that there were no injuries and only "minor" damage to the two involved trucks. No

citations were issued.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   DAILY EXPRESS ASKS THIS COURT TO COMPEL PLAINTIFF TO PROVIDE THE PROPER RESPONSES HE HAS REPEATEDLY PROMISED TO PROVIDE

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, a defendant is entitled to discover any relevant information which relates to the facts and circumstances surrounding a plaintiff's claim and other matters bearing upon the defense of the plaintiff's claim, subject to the parameters of Fed. R. Civ. P. 26. Unless the discovery request is objected to, in which case the reasons for said objection must be stated in lieu of an answer, answers to discovery served by mail are due within thirty-three (33) days of service. *See* Fed. R. Civ. P. 33(b)(3) and 34(b); N.D. Ga. LR 6.1(b). Failure to timely object to the interrogatories is a waiver of the right to object and all interrogatories must be answered. Fed. R. Civ. P. 33(b)(4); *see also* In re RDM Sports Group, Inc., 277 B.R. 415, 424 (N.D. Ga. 2002).

A motion to compel is a matter left to the discretion of the trial court, whose determination will not be overturned absent an abuse of discretion. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). Pursuant to Rule

37(a)(2)(B) of the Federal Rules of Civil Procedure, if a party "fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer." If the motion to compel discovery under Rule 37(a) is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expense incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4). Moreover, if a party fails to make a disclosure under Fed. R. Civ. P. 26(a), any other party can move to compel disclosure and seek sanctions. Fed. R. Civ. P. 37(a)(2)(A); *see* Snow v. Bellamy Mfg. & Repair, No. 1:94CV957JTC, 1995 WL 902210 at *4 (N.D. Ga. 1995).

In the instant case, Plaintiff's responses to Daily Express' Interrogatories are largely non-responsive and fail to disclose important information related to the claim Plaintiff has asserted against Daily Express and Morris. When confronted about the insufficiency of the responses, opposing counsel has readily and repeatedly acknowledged that the responses are insufficient and promised that the

responses will be promptly supplemented. Opposing counsel has now been acknowledging that the responses are insufficient and promising that the responses will be immediately supplemented for literally months. Even the specter of this Motion has not caused Plaintiff to serve supplemental responses providing basic information needed to properly and promptly undertake and complete discovery in this action.[1]

This Motion seeks proper responses to certain Interrogatories served upon Plaintiff by Defendant Daily Express more than six (6) months ago on July 31, 2023.[2] Plaintiff did not respond to the Interrogatories served upon him until September 11, 2023.[3] Since then, counsel have engaged in a lengthy correspondence and dialogue that involved Plaintiff's counsel repeatedly acknowledging that Plaintiff's responses were insufficient and promising to

---

[1]   A grouping of some of the email messages wherein Plaintiff's counsel acknowledges that the discovery responses are insufficient and promises to provide supplemental responses is attached hereto and incorporated herein as Exhibits "A-1" and "A-2."

[2]   A copy of Defendant Daily Express, Inc.'s First Interrogatories to Plaintiff are attached hereto and incorporated herein by reference as Exhibit "B."

[3]   A copy of Plaintiff's Responses to Defendant's First Interrogatories is attached hereto and incorporated herein by reference as Exhibit "C."

immediately supplement the responses.[4] However, no supplementation has been forthcoming - even when confronted with the specific indication that this Motion to Compel would be filed if proper responses were not served.

The improperly held information relates to core information that is needed to complete discovery in this case in a prompt and orderly fashion.

A.   The Specific Discovery Requests In Issue

Interrogatory No. 2:

Please identify each and every person who, to your knowledge, information, or belief: (a) has relevant knowledge of the incident; or (b) relevant knowledge of your alleged injuries and damages.

Plaintiff's Response:

Plaintiff's girlfriend Kiara Harris, who witnessed the effects of Plaintiff's injuries on his daily life.

Plaintiff's father, Langston Geddis, who witnessed the collision from another vehicle travelling [sic.] behind Plaintiff, and who witnessed the effects of Plaintiff's injuries on his daily life.

---

[4]   *See* fn. 1. *supra.*

Thus far, Plaintiff has refused to provide requested information about the address and phone number of his girlfriend and father. Information about his father's whereabouts is of particular importance in this case because the accident report indicates that he attempted to mislead the responding police officer about his identity at the scene of the collision by claiming that he was an unrelated, third-party eyewitness.

<u>Interrogatory No. 3:</u>

**Please identify each and every person who to your knowledge, information, or belief witnessed the incident or the events immediately before or after the incident.**

<u>Plaintiff's Response:</u>

**The parties and responding officer.**

**Plaintiff's father, Langston Geddis, who witnessed the collision from another vehicle travelling [sic.] behind Plaintiff, and who witnessed the effects of Plaintiff's injuries on his daily life.**

Plaintiff's counsel has repeatedly acknowledged the obligation to supplement this response and provide basic contact information for Langston Geddis, but has not done so.

Interrogatory No. 7:

If you have ever been involved in any motor vehicle accidents, either as a passenger, driver or pedestrian, as to each incident, please state the date and location, identify any injuries you sustained in the accident, and identify any medical treatment you received as a result of the accident.

Plaintiff's Response:

Plaintiff was involved in a collision around 2017. Plaintiff was a passenger in a vehicle when another car attempted to pass them in a turning lane and clipped the vehicle in which Plaintiff was travelling [sic] upon returning to the lane of travel. The collision occurred in or near Stockbridge, Georgia. Plaintiff sustained injuries and received chiropractic treatment.

Plaintiff's counsel has repeatedly acknowledged that this response is insufficient in that it does not provide important information about a previous car wreck and resulting injury, Plaintiff has refused to supplement his response and provide the requested information.

Interrogatory No. 9:

Please describe all medical treatment you received as a result of the incident, including the names of all medical providers and the dates of

treatment.

<u>Plaintiff's Response:</u>

Plaintiff received chiropractic care and injections; for further information, please refer to medical documentation provided.

Plaintiff was asked to provide a narrative outline of his medical treatment because it is very difficult to create an outline of care based solely on review of a bulk produced group of medical records. In this case, the records produced by Plaintiff appear to be incomplete and are not a suitable substitute for Plaintiff providing a coherent outline of the medical care he claims he received as a result of the subject incident.

<u>Interrogatory No. 11:</u>

Please identify each doctor or other medical professional that examined you during the previous fifteen (15) years for any reason other than for treatment of the injuries you allegedly suffered as a result of the incident, including: (a) the name of each doctor or other medical professional; and (b) the contact information for each doctor or other medical professional.

Plaintiff's Response:

Plaintiff did not have a primary care doctor at the time of the collision.

-9-

He would go to the emergency room or urgent care if he required treatment.

Plaintiff's counsel has acknowledged that this response is essentially "non-responsive" in that it only describes that Plaintiff did not have a primary care doctor *at the time of the subject incident*. However, the Interrogatory seeks information about the fifteen (15) year preceding the subject incident and asks for the identity of all medical professionals Plaintiff has seen, not just "primary care doctors." Plaintiff has refused to supplement this response to provide the requested information.

Interrogatory No. 13:

Please identify each job you held for each of the past fifteen (15) years, including: (a) the name of the entity by which you were employed (or please state that you were self-employed), (b) the address of your office or other location of employment, and (c) your title.

Plaintiff's Response:

Plaintiff is currently a truck driver for Pro Transport. He began there in July 2023. His location of employment was his truck.

Plaintiff was previously employed by Tribe Express as a truck driver. He worked for them from February 2022 through July 2023. His location of

employment was his truck.

Plaintiff was previously employed by Ameriline as a truck driver. He worked for them from July 2021 to December 2021. His location of employment was his truck.

Plaintiff was previously employed by Universal Truck Load as a truck driver. He worked for them from March 2020 to July 2021. His location of employment was his truck.

Plaintiff was previously employed by Universal Truck Load as a truck driver. He worked for them from March 2020 to July 2021. His location of employment was his truck.

Plaintiff was previously employed by Snyder as a truck driver. He worked for them from October 2018 to March 2020. His location of employment was his truck.

Plaintiff was previously employed by Walden Security as a security officer.

He worked for them from June 2018 through October 2018.

Plaintiff was previously enlisted in the Army National Guard. He worked for them from 2015 through October 2018.

Prior to his entry into the Army National Guard, Plaintiff was in high school.

This Interrogatory sought information related to Plaintiff's prior employers. Rather than provide basic information about his prior employers such as the address of the employer, Plaintiff cleverly indicated that his place of employment was "his truck." Plaintiff's counsel has acknowledged that this response is inadequate because it evades the substance of the Interrogatory. Nonetheless, and in spite of repeated promises to supplement, the response has not been supplemented.

Interrogatory No. 21:

Please identify all communications your attorneys have had with your medical providers.

Plaintiff's Response:

Plaintiff has no specific knowledge of the day-to-day communications between his counsel and his medical providers.

Increasingly, legal counsel are involved actively or passively in the care and treatment of their clients. Discovery in cases similar to this one has literally revealed that legal counsel are making decisions regarding what doctors or healthcare professionals their clients go to *and* the care and treatment received by

those clients. Daily Express contends this information is discoverable to determine whether Plaintiff's care and treatment has been "lawyer driven."

## III.   <u>CONCLUSION</u>

Daily Express has repeatedly attempted to work with Plaintiff to obtain proper responses without bothering this Court with a Motion to Compel. These efforts have gained nothing other than a reiteration of Plaintiff's repeated promise that the responses will be immediately supplemented.

Although the main focus of this Motion is to get full and complete responses to valid discovery requests, Daily Express's counsel has certainly expended significant resources both conferring with opposing counsel about this matter and drafting and filing this Motion which is being filed only as a last resort after literally months of trying to cajole Plaintiff into providing proper responses. For this reason, Daily Express would respectfully request that this Court consider imposing sanctions in the form of an award of legal fees, or such other sanction as the Court believes is appropriate given the circumstance.

Respectfully submitted this 8th day of February, 2023.

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP

-13-

/s/ Marvin D. Dikeman
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
MELISSA C. MCMULLEN
Georgia State Bar No. 187560
**Attorneys for Defendants Harry
Morris and Daily Express, Inc.**

One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net
mmcmullen@wznd.net

-14-

 Exhibit A-1

Marvin Dikeman <mdikeman@wznd.net>

---

## Re: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

1 message

---

**Marvin Dikeman** <mdikeman@wznd.net>                    Tue, Feb 6, 2024 at 8:59 AM
To: Adam Klein <adam@770goodlaw.com>
Bcc: "Jason M. Stambaugh" <jstambaugh@dailyexp.com>

Adam:

You've repeatedly made similar promises. To guide the supplementation, attached is a draft of the
Motion to Compel I have ready to file with Judge Thrash.

MARVIN D. DIKEMAN
W|Z|N|D
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against
copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the
sender and double deleting this copy and the reply from your system.

On Tue, Feb 6, 2024 at 8:38 AM Adam Klein <adam@770goodlaw.com> wrote:

> Marvin,
>
>
> I'm just returning from having been at a Bat Mitzvah out of state over the weekend. I'm clearing my calendar today
> to deal with this.

**Adam Klein**
**Associate Attorney**



**770-GOOD-LAW**
H.Q. Alex Nguyen Law Firm, LLC

5495 Jimmy Carter Boulevard, Suite B17

Norcross, Georgia 30093 [MAP]

(770) 466-3529 PHONE
(470) 703-9110 DIRECT

adam@770goodlaw.com

---

**From:** Marvin Dikeman <mdikeman@wznd.net>
**Sent:** Friday, February 2, 2024 11:53 AM
**To:** Adam Klein <adam@770goodlaw.com>
**Subject:** Re: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al


Adam:


I cannot wait any longer for the supplemental responses which you have acknowledged are needed and which you assured me would be served a long time ago. Thus, in the event full and complete supplemental responses are not received by the close of business on Monday, February 5, 2024, I will file the already filed Motion to Compel seeking sanctions.


Should you wish to discuss this issue, please give me a call. The best way to reach me is on my cell (404-931-8749).


MARVIN D. DIKEMAN
W|Z|N|D
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.



On Thu, Jan 4, 2024 at 2:52 PM Adam Klein <adam@770goodlaw.com> wrote:

I'm getting it to you.

---

**From:** Marvin Dikeman <mdikeman@wznd.net>
**Sent:** Tuesday, January 2, 2024 5:30 PM
**To:** Adam Klein <adam@770goodlaw.com>
**Subject:** Re: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

Adam:

If complete supplemental responses are not received by the close of business Thursday, I will have no option but to approach the Court seeking to have the responses compelled. I absolutely do not want to do this, but we need to move forward with discovery.

MARVIN D. DIKEMAN
W|Z|N|D
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

On Wed, Dec 13, 2023 at 11:31 AM Adam Klein <adam@770goodlaw.com> wrote:

> Marvin,
>
> I've been pulled into meetings until about 3; I'll let you know as soon as I have the updated responses.
>
> AK

---

**From:** Adam Klein
**Sent:** Tuesday, December 12, 2023 9:51 AM
**To:** Marvin Dikeman <mdikeman@wznd.net>
**Subject:** RE: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

Marvin,

I'll get you revised discovery by tomorrow afternoon; let's plan to talk then.

AK

---

**From:** Marvin Dikeman <mdikeman@wznd.net>

**Sent:** Tuesday, December 12, 2023 9:50 AM
**To:** Adam Klein <adam@770goodlaw.com>
**Subject:** 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

**Caution:** External Email

Adam:

Per the Court's Standing Order, please provide me with some times when we can talk by telephone this week regarding discovery issues in this matter. Hearing nothing, it is my intent to approach the Court about the pending discovery issues the first part of next week.

MARVIN D. DIKEMAN
W|Z|N|D
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.


**24.02.05 - Pleading - DRAFT Motion to Compel.pdf**
126K



Exhibit A-2

Marvin Dikeman <mdikeman@wznd.net>

---

## Re: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

1 message

---

**Marvin Dikeman** <mdikeman@wznd.net>                           Wed, Feb 7, 2024 at 9:57 AM
To: Adam Klein <adam@770goodlaw.com>

Adam:

I have not received any supplemental responses.

MARVIN D. DIKEMAN
W|Z|N|D
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against
copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the
sender and double deleting this copy and the reply from your system.


On Tue, Feb 6, 2024 at 8:38 AM Adam Klein <adam@770goodlaw.com> wrote:

Marvin,


I'm just returning from having been at a Bat Mitzvah out of state over the weekend. I'm clearing my calendar today
to deal with this.




**Adam Klein**
**Associate Attorney**



**770-GOOD-LAW**
H.Q. Alex Nguyen Law Firm, LLC

5495 Jimmy Carter Boulevard, Suite B17
Norcross, Georgia 30093 [MAP]

(770) 466-3529 PHONE
(470) 703-9110 DIRECT

adam@770goodlaw.com

---

**From:** Marvin Dikeman <mdikeman@wznd.net>
**Sent:** Friday, February 2, 2024 11:53 AM
**To:** Adam Klein <adam@770goodlaw.com>
**Subject:** Re: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

Adam:

I cannot wait any longer for the supplemental responses which you have acknowledged are needed and which you assured me would be served a long time ago. Thus, in the event full and complete supplemental responses are not received by the close of business on Monday, February 5, 2024, I will file the already filed Motion to Compel seeking sanctions.

Should you wish to discuss this issue, please give me a call. The best way to reach me is on my cell (404-931-8749).

Marvin D. Dikeman
W|Z|N|D
Webb, Zschunke, Neary & Dikeman, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

On Thu, Jan 4, 2024 at 2:52 PM Adam Klein <adam@770goodlaw.com> wrote:

I'm getting it to you.

---

**From:** Marvin Dikeman <mdikeman@wznd.net>
**Sent:** Tuesday, January 2, 2024 5:30 PM
**To:** Adam Klein <adam@770goodlaw.com>
**Subject:** Re: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

Adam:

If complete supplemental responses are not received by the close of business Thursday, I will have no option but to approach the Court seeking to have the responses compelled. I absolutely do not want to do this, but we need to move forward with discovery.

MARVIN D. DIKEMAN

W|Z|N|D

WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP

3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305

Tel: 404.601.1492 | Fax: 404.264.4520

mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

On Wed, Dec 13, 2023 at 11:31 AM Adam Klein <adam@770goodlaw.com> wrote:

Marvin,

I've been pulled into meetings until about 3; I'll let you know as soon as I have the updated responses.

AK

**From:** Adam Klein
**Sent:** Tuesday, December 12, 2023 9:51 AM
**To:** Marvin Dikeman <mdikeman@wznd.net>
**Subject:** RE: 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

Marvin,

I'll get you revised discovery by tomorrow afternoon; let's plan to talk then.

AK

**From:** Marvin Dikeman <mdikeman@wznd.net>
**Sent:** Tuesday, December 12, 2023 9:50 AM
**To:** Adam Klein <adam@770goodlaw.com>
**Subject:** 'EXTERNAL'Discovery Responses - Geddis v. Morris, et al

**Caution:** External Email

Adam:


Per the Court's Standing Order, please provide me with some times when we can talk by telephone this week regarding discovery issues in this matter. Hearing nothing, it is my intent to approach the Court about the pending discovery issues the first part of next week.


MARVIN D. DIKEMAN
W|Z|N|D
WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
3490 Piedmont Rd NE | Ste 1210 | Atlanta GA 30305
Tel: 404.601.1492 | Fax: 404.264.4520
mdikeman@wznd.net | Mobile: 404.931.8749

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARQUIS GEDDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-02927-TWT |
| | ) | |
| HARRY MORRIS, DAILY | ) | |
| EXPRESS, INC., JOHN DOES 1-2, | ) | |
| ABC CORP., AND XYZ CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT DAILY EXPRESS, INC.'S  FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW, Daily Express, Inc, defendant in the above-styled action (hereinafter "Daily Express"), and pursuant to Fed.R.Civ.P. 33, serves upon Plaintiff these First Interrogatories ("Interrogatories").  Each Interrogatory shall be answered separately and fully, in writing, under oath within the time set by statute.

## DEFINITIONS

The following definitions are applicable to the terms employed in these Interrogatories:

a.      The term "you," "your," or "Plaintiff," shall embrace and include Plaintiff and, in addition, Plaintiff's agents, servants, employees, representatives,

private investigators, attorneys, and/or others who are in possession of or may have obtained information for or on behalf of Plaintiff.

b.      The term "person" or "persons" shall embrace and include any individual, corporation, partnership, joint venture, business association, firm, estate, or any other legal entity and shall also include any natural person, government, or governmental body, commission, board or agency.

c.      The term "document" shall embrace and include, without limitation, all writings, drawings, graphs, plans, sketches, charts, photographs, films, videotapes, audiotapes, recordings, telecopies, facsimiles, manuals, diaries, brochures, notes, memoranda, letters, records of telephone conversations, publications, telegrams, books, newspapers, magazines, periodicals, summaries, calendars, telephone logs, rolodex entries, notebooks, minutes, corporate records, summaries or reports of investigations, opinions or reports of consultants, press and publicity releases, ledger sheets, balance sheets, accounts, journals, agreements, contracts, transcripts, correspondence, business records, computer or business machine printouts, emails, information stored on computer or computer disks, and any other data compilations from which information can be obtained, whether an original, duplicate, copy, draft, or master.  The preceding shall embrace and include any document that is or is not claimed to be privileged against discovery on any grounds.

      d.     The term "communication" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, or electronic.

      e.     The term "identify" or "identity" shall mean:

      a.  When referencing a person, the person's: (i) full name; (ii) address; (iii) telephone number; and (iv) email addresses.

      b.  When referencing a corporation, partnership, joint venture, business association, firm, estate, or any other legal entity: (i) the full and proper name of the entity; (ii) the type of entity (e.g., corporation, partnership, etc.); (iii) the principal business address of the entity, and (iv) the telephone number for the entity.

      f.     The phrase "relating to," or any synonym thereof, shall mean anything that constitutes, contains, evidences, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes or is in any way relevant to the subject being requested.

      g.     The phrase "the incident" shall mean the motor vehicle accident that is the subject of this lawsuit.

## INTERROGATORIES

### 1.

Please identify your full name, your date of birth, your social security number, your address, and your spouse (if applicable).

### 2.

Please identify each and every person who, to your knowledge, information, or belief: (a) has relevant knowledge of the incident; or (b) relevant knowledge of your alleged injuries and damages.

### 3.

Please identify each and every person who to your knowledge, information, or belief witnessed the incident or the events immediately before or after the incident.

### 4.

Did you ever experience chronic or ongoing pain prior to the incident? If so, please state the time period in which you suffered from the chronic or ongoing pain prior to the incident, identify any medical treatment you received for chronic or ongoing pain prior to the incident, and identify any physical injuries you sustained in the fifteen (15) year period prior to the incident.

5.

Please identify your cell phone provider on the date of the incident, your account number, and the name of the account holder.

6.

Did you lose consciousness as a result of the incident?

7.

If you have ever been involved in any motor vehicle accidents, either as a passenger, driver or pedestrian, as to each incident, please state the date and location, identify any injuries you sustained in the accident, and identify any medical treatment you received as a result of the accident.

8.

Please describe each injury you allegedly suffered as a result of the incident.

9.

Please describe all medical treatment you received as a result of the incident, including the names of all medical providers and the dates of treatment.

10.

Please identify any medical liens, medical expense claims, subrogation claims, reimbursement claims, assigned claims, ERISA claims, Medicare or Medicaid claims, or similar claims of which you are aware that arise out of the

incident, including: (a) the name of the party holding each claim and (b) the amount at issue in each claim.

11.

Please identify each doctor or other medical professional that examined you during the previous fifteen (15) years for any reason other than for treatment of the injuries you allegedly suffered as a result of the incident, including: (a) the name of each doctor or other medical professional; and (b) the contact information for each doctor or other medical professional.

12.

Please identify and itemize the damages you allegedly suffered as a result of the incident by type and amount for each item claimed (e.g., medical expenses, lost wages or income, etc.).

13.

Please identify each job you held for each of the past fifteen (15) years, including: (a) the name of the entity by which you were employed (or please state that you were self-employed), (b) the address of your office or other location of employment, and (c) your title.

14.

Please describe your version of how the incident occurred, and describe the

substance of all conversations you had with the parties involved in the incident.

15.

Describe with particularity all photographs, charts, diagrams, videos, and other illustrations or evidence of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

16.

If you have ever been convicted of a crime, please identify each conviction, including the date of the conviction and the court in which you were convicted.

17.

Please identify all physical or mental handicaps, all physical or mental deformities, and all other physical or mental disabilities you suffered prior to the incident, including: (a) the name of each disability and (b) any treatments you were under at time of the incident for each disability.

18.

Identify each person you expect to call as an expert witness at trial and as to each such expert witness, please state: (a) the subject matter on which each expert is expected to testify; (b) the substance of the facts and opinions on which each such expert is expected to testify; (c) the basis for the expert's opinions; and (d) whether

or not each expert witness rendered a written report with regard to any matters involved in this lawsuit.

19.

Please identify each lawsuit in which you have ever been a party and identify the court in which the lawsuit was filed, the civil action number, and the claims asserted in the lawsuit.

20.

Please identify any health insurance that you have had since the date of the incident (including Medicare, Medicaid, and Tricare).

21.

Please identify all communications your attorneys have had with your medical providers.

22.

Have you ever filed for bankruptcy?  If so, when did you file the petition, in which Court was the petition filed, and what is the status of the case?

23.

Please identify any other personal injury claims or workers' compensation claims you have ever asserted, including the nature of the injury and the status of the claim.

8

24.

Please identify any statements made by Harry Morris regarding the incident.

Respectfully submitted this 31st day of July, 2023.

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP

*/s/ Marvin D. Dikeman*
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
MELISSA C. MCMULLEN
Georgia State Bar No. 187560
**Attorneys for Defendants Harry**
**Morris and Daily Express, Inc.**

One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net
mmcmullen@wznd.net

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically served the foregoing pleading upon the following attorney of record:

Hung Q. Nguyen, Esq.
Law Office of Hung Q. Nguyen & Associates, LLC.
5495 Jimmy Carter Boulevard, Suite B-17
Norcross, GA 30093
Alex@770goodlaw.com

This 31st day of July, 2023.

/s/ Marvin D. Dikeman
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
***Attorney for Defendants Harry
Morris and Daily Express, Inc.***

WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net

## Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**MARQUIS GEDDIS**,
    *Plaintiff*,

     *v.*

**HARRY MORRIS,**
**DAILY EXPRESS, INC.,**
**JOHN DOES 1-2,**
**ABC CORP., and XYZ CORP.,**
    *Defendants*.

**Civil Action File No**:
1:23-cv-02927-TWT

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S FIRST INTERROGATORIES

Plaintiff, Marquis Geddis, hereby responds to Defendants' first interrogatories as follows:

**1.**

*Please identify your full name, your date of birth, your social security number, your address, and your spouse (if applicable).*

Marquis Geddis; 207 Carrington Green Pkwy, McDonough, GA 30252; (404) 956-5071; DOB 12/11/1996; SSN 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

**2.**

*Please identify each and every person who, to your knowledge, information, or belief: (a) has relevant knowledge of the incident; or (b) relevant knowledge of your alleged injuries and damages.*

Plaintiff's physicians and counsel.

1

Plaintiff's girlfriend Kiara Harris, who witnessed the effects of Plaintiff's injuries on his daily life.

Plaintiff's father, Langston Geddis, who witnessed the collision from another vehicle travelling behind Plaintiff, and who witnessed the effects of Plaintiff's injuries on his daily life.

**3.**

*Please identify each and every person who to your knowledge, information, or belief witnessed the incident or the events immediately before or after the incident.*

The parties and responding officer.

Plaintiff's father, Langston Geddis, who witnessed the collision from another vehicle travelling behind Plaintiff, and who witnessed the effects of Plaintiff's injuries on his daily life.

**4.**

*Did you ever experience chronic or ongoing pain prior to the incident? If so, please state the time period in which you suffered from the chronic or ongoing pain prior to the incident, identify any medical treatment you received for chronic or ongoing pain prior to the incident, and identify any physical injuries you sustained in the fifteen (15) year period prior to the incident.*

No.

**5.**

*Please identify your cell phone provider on the date of the incident, your account number, and the name of the account holder.*

(404) 956-5071; Verizon; the account is in Plaintiff's name.

**6.**

*Did you lose consciousness as a result of the incident?*

No.

**7.**

*If you have ever been involved in any motor vehicle accidents, either as a passenger, driver or pedestrian, as to each incident, please state the date and location, identify any injuries you sustained in the accident, and identify any medical treatment you received as a result of the accident.*

Plaintiff was involved in a collision around 2017. Plaintiff was a passenger in a vehicle when another car attempted to pass them in a turning lane and clipped the vehicle in which Plaintiff was travelling upon returning to the lane of travel. The collision occurred in or near Stockbridge, Georgia. Plaintiff sustained injuries and received chiropractic treatment.

**8.**

*Please describe each injury you allegedly suffered as a result of the incident.*

Injuries to neck, upper and lower back, and shoulder.

**9.**

*Please describe all medical treatment you received as a result of the incident, including the names of all medical providers and the dates of treatment.*

Plaintiff received chiropractic care and injections; for further information, please refer to medical documentation provided.

**10.**

*Please identify any medical liens, medical expense claims, subrogation claims, reimbursement claims, assigned claims, ERISA claims, Medicare or Medicaid claims, or similar claims of which you are aware that arise out of the incident, including: (a) the name of the party holding each claim and (b) the amount at issue in each claim.*

Plaintiff is aware of no such liens at this time.

**11.**

*Please identify each doctor or other medical professional that examined you during the previous fifteen (15) years for any reason other than for treatment of the injuries you allegedly suffered as a result of the incident, including: (a) the name of each doctor or other medical professional; and (b) the contact information for each doctor or other medical professional.*

Plaintiff did not have a primary care doctor at the time of the collision. He would go to the emergency room or urgent care if he required treatment.

**12.**

*Please identify and itemize the damages you allegedly suffered as a result of the incident by type and amount for each item claimed (e.g., medical expenses, lost wages or income, etc.).*

Medical Expenses: $42,826.44; general damages are to be determined by the enlightened conscience of the jury.

**13.**

*Please identify each job you held for each of the past fifteen (15) years, including: (a) the name of the entity by which you were employed (or please state that you were self-employed), (b) the address of your office or other location of employment, and (c) your title.*

Plaintiff is currently a truck driver for Pro Transport. He began there in July 2023. His location of employment was his truck.

Plaintiff was previously employed by Tribe Express as a truck driver. He worked for them from February 2022 through July 2023. His location of employment was his truck.

Plaintiff was previously employed by Ameriline as a truck driver. He worked for them from July 2021 to December 2021. His location of employment was his truck.

Plaintiff was previously employed by Universal Truck Load as a truck driver. He worked for them from March 2020 to July 2021. His location of employment was his truck.

Plaintiff was previously employed by Universal Truck Load as a truck driver. He worked for them from March 2020 to July 2021. His location of employment was his truck.

Plaintiff was previously employed by Snyder as a truck driver. He worked for them from October 2018 to March 2020. His location of employment was his truck.

Plaintiff was previously employed by Walden Security as a security officer. He worked for them from June 2018 through October 2018.

Plaintiff was previously enlisted in the Army National Guard. He worked for them from 2015 through October 2018.

Prior to his entry into the Army National Guard, Plaintiff was in high school.

**14.**

*Please describe your version of how the incident occurred, and describe the substance of all conversations you had with the parties involved in the incident.*

The parties were merging from I-75 to I-285. Defendant accelerated, attempted to pass Plaintiff. Defendant was unsuccessful and struck the rear of Plaintiff's trailer. Plaintiff further refers to videos produced in his response to Defendant's Request for Production.

**15.**

*Describe with particularity all photographs, charts, diagrams, videos, and other illustrations or evidence of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.*

Plaintiff refers to videos produced in his response to Defendant's Request for Production.

**16.**

*If you have ever been convicted of a crime, please identify each conviction, including the date of the conviction and the court in which you were convicted.*

Plaintiff has never been convicted of a crime.

**17.**

*Please identify all physical or mental handicaps, all physical or mental deformities, and all other physical or mental disabilities you suffered prior to the incident, including: (a) the name of each disability and (b) any treatments you were under at time of the incident for each disability.*

Plaintiff can identify no such handicaps.

**18.**

*Identify each person you expect to call as an expert witness at trial and as to each such expert witness, please state: (a) the subject matter on which each expert is expected to testify; (b) the substance of the facts and opinions on which each such expert is expected to testify; (c) the basis for the expert's opinions; and (d) whether or not each expert witness rendered a written report with regard to any matters involved in this lawsuit.*

Plaintiff has identified no such expert at this time.

**19.**

*Please identify each lawsuit in which you have ever been a party and identify the court in which the lawsuit was filed, the civil action number, and the claims asserted in the lawsuit.*

Plaintiff has not previously been involved in a lawsuit.

**20.**

*Please identify any health insurance that you have had since the date of the incident (including Medicare, Medicaid, and Tricare).*

Plaintiff did not have health insurance at the time of the collision; he has since obtained coverage via Tricare.

**21.**

*Please identify all communications your attorneys have had with your medical providers.*

Plaintiff has no specific knowledge of the day-to-day communications between his counsel and his medical providers.

8

**22.**

*Have you ever filed for bankruptcy? If so, when did you file the petition, in which Court was the petition filed, and what is the status of the case?*

Plaintiff has never filed for bankruptcy.

**23.**

*Please identify any other personal injury claims or workers' compensation claims you have ever asserted, including the nature of the injury and the status of the claim.*

Plaintiff had one insurance claim arising from his injuries in the collision

discussed in Plaintiff's response to Interrogatory #7

**24.**

*Please identify any statements made by Harry Morris regarding the incident.*

Plaintiff is aware of no such statement.

Respectfully submitted, this eleventh day of September, 2023.

/s/Adam Klein

**H.Q. ALEX NGUYEN LAW FIRM, LLC**
**770-GOOD-LAW**

5495 Jimmy Carter Boulevard
Suite B-17
Norcross, Georgia 30093

(770) 409-1529  PHONE
(770) 409-1526  FAX

Adam Klein
Georgia Bar No. 425032
adam@770goodlaw.com

*Attorney for Plaintiff*

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MARQUIS GEDDIS**,
    *Plaintiff*,

    *v*.

**HARRY MORRIS,**
**DAILY EXPRESS, INC.,**
**JOHN DOES 1-2,**
**ABC CORP., and XYZ CORP.,**
    *Defendants*.

**Civil Action File No**:
<u>1:23-cv-02927-TWT</u>

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION

### 1.

*Please produce all reports created by any person you intend to call as an expert witness at trial, all documents provided to said expert, and all communications with said expert.*

Plaintiff is aware of no such documents at this time.

### 2.

*Please produce any and all communications between your attorneys and your medical providers.*

Plaintiff objects to this request as infringing on material protected under the

attorney-client privilege and/or the work product doctrine.

1

**3.**

*If you are making a claim for lost wages/income, please produce your complete federal and state tax returns for the last seven (7) years, including all worksheets or other documents prepared in connection with the tax returns that were not filed with the Internal Revenue Service or a state taxation authority.*

Plaintiff is not raising a claim for lost wages.

**4.**

*Please produce any and all medical records and bills that relate to medical treatment received by you at any time, including, but not limited to, medical records related to prior injuries that occurred at any time in the fifteen (15) year period prior to the subject incident.*

Plaintiff refers to the attached documents.

**5.**

*Please produce any and all documents, photographs, videos, diagrams, drawings, or other documentary evidence, electronic or otherwise, that depict: (a) the scene of the incident, (b) the individuals or vehicles involved in the incident, or (c) any other item related to the incident or your alleged injuries and damages.*

Plaintiff refers to the attached photographic and video documents.

**6.**

*Please produce any and all documents relating to or otherwise evidencing each item of damages you are claiming in this action.*

Plaintiff objects to this request to the extent that it infringes on material protected under the attorney-client privilege and/or the work product doctrine. Subject to and without waiving such objection, Plaintiff refers to the attached

documents.

## 7.

*Please produce any and all documents that relate to or otherwise evidence any medical liens, medical expense claims, subrogation claims, reimbursement claims, assigned claims, ERISA claims, Medicare or Medicaid claims, or similar claims of which you are aware that arise out of the incident.*

No such documents are within Plaintiff's possession or control.

## 8.

*Please produce any and all documents containing, comprising, identifying, or otherwise evidencing each and every statement made concerning the incident.*

Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome, as it embodies every statement made by any person whatsoever regarding the incident. Subject to such objection, Plaintiff is aware of no such documents at this time.

## 9.

*Please produce any and all social media content/posts regarding the incident and your alleged injuries.*

No such documents are within Plaintiff's possession or control.

## 10.

*Please produce all documents related to any other lawsuit or personal injury claim you have been involved in.*

No such documents are within Plaintiff's possession or control.

3

Respectfully submitted, this 11th day of September, 2023.

/s/Adam Klein
_____

**H.Q. ALEX NGUYEN LAW FIRM, LLC**
**770-GOOD-LAW**

5495 Jimmy Carter Boulevard
Suite B-17
Norcross, Georgia 30093

(770) 409-1529  PHONE
(770) 409-1526  FAX

Adam Klein
Georgia Bar No. 425032
adam@770goodlaw.com

*Attorney for Plaintiff*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARQUIS GEDDIS**, <br>    *Plaintiff*, <br><br>      *v.* <br><br> **HARRY MORRIS,** <br> **DAILY EXPRESS, INC.,** <br> **JOHN DOES 1-2,** <br> **ABC CORP., and XYZ CORP.,** <br>    *Defendants*. | **Civil Action File No**: <br> <u>1:23-cv-02927-TWT</u> |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record for all parties in this matter.

So certified, this 11th day of September, 2023.

/s/Adam Klein
_____

**H.Q. ALEX NGUYEN LAW FIRM, LLC**
**770-GOOD-LAW**

(770) 409-1529 PHONE
(770) 409-1526 FAX

Adam Klein
Georgia Bar No. 425032
adam@770goodlaw.com
*Attorney for Plaintiff*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing pleading (prepared in Times New Roman 14 point font) with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Adam Klein, Esq.
Law Office of Hung Q. Nguyen & Associates, LLC.
5495 Jimmy Carter Boulevard, Suite B-17
Norcross, GA 30093
adam@770goodlaw.com
Iurii@770goodlaw.com

This 8th day of February, 2024.

/s/ Marvin D. Dikeman
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
**Attorney for Defendants Harry
Morris and Daily Express, Inc.**

WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net

-15-
